UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LENA HOPKINS,**

    **Plaintiff,**                        CIVIL ACTION NO. 16-cv-12064

    v.                              MAGISTRATE JUDGE MONA K. MAJZOUB

**DEMEDRICK ISAAC, METEOR EXPRESS, INC., and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

    **Defendants.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [25]

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm's") Motion to Compel Plaintiff's Answers to Defendant's Second Set of Interrogatories. (Docket no. 25.) Plaintiff has not responded to Defendant's Motion. With consent of the parties, this case has been referred to the undersigned for all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 14.) The Court has reviewed the Motion and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

### I. Background

On May 4, 2016, Plaintiff Lena Hopkins filed a Complaint against Defendants Demedrick Isaac, Meteor Express, Inc. ("Meteor Express"), and State Farm in the Wayne County Circuit Court. (Docket no. 1 at 11-20.) In the Complaint, Plaintiff alleges that on July 7,

2015, Defendant Isaac negligently operated a motor vehicle, which struck a motor vehicle operated by Plaintiff, and caused Plaintiff to suffer serious and permanent injuries. (*Id*. ¶¶ 6-12.) Plaintiff also alleges that Defendant Meteor Express is vicariously liable for Defendant Isaac's actions and that its negligence in hiring, retaining, and/or supervising Defendant Isaac was a proximate cause of her injuries. (*Id*. ¶¶ 13-28.) Plaintiff further alleges a claim against Defendant State Farm for first-party insurance benefits. (*Id*. ¶¶ 29-37.) Defendants Isaac and Meteor Express removed the case to this Court on June 7, 2016. (Docket no. 1 at 1-2.) On November 30, 2016, Defendant State Farm served Plaintiff with a Second Set of Interrogatories. (Docket no. 25 at 7-10.) Plaintiff failed to provide timely answers or otherwise respond to Defendant's discovery request. (*Id*. at 3.) After attempting to confer with Plaintiff in an effort to secure the requested discovery, to no avail, Defendant State Farm filed the instant Motion to Compel Plaintiff's Answers to Defendant's Second Set of Interrogatories. (*Id*.)

**II.     Law and Analysis**

Federal Rules of Civil Procedure 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in

good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff did not respond to Defendant State Farm's Second Set of Interrogatories, and she has not responded to Defendant's Motion to Compel. By not filing any proper objections during the response period, Plaintiff has waived any objections to the discovery requests. And because Plaintiff did not respond to Defendant's Motion, the Motion is unopposed. Therefore, the Court will grant Defendant's Motion to Compel and order Plaintiff to provide full and complete responses to Defendant State Farm's Second Set of Interrogatories, without objection, within twenty-one days of this Opinion and Order. Rule 37 sanctions are appropriate in this case because the Court grants Defendant's Motion to Compel and because Plaintiff has failed to demonstrate that her lack of response was substantially justified or that other circumstances make an award of expenses unjust. The Court will therefore order Plaintiff to pay Defendant State Farm's reasonable expenses and attorney's fees associated with bringing this Motion pursuant to Rule 37(a)(5). The Court will also order Defendant to submit a Bill of Costs.

**IT IS THEREFORE ORDERED** that Defendant State Farm's Motion to Compel Plaintiff's Answers to Defendant's Second Set of Interrogatories [25] is **GRANTED**. Plaintiff is ordered to provide full and complete responses to Defendant's Second Set of Interrogatories, without objection, within twenty-one (21) days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff pay the reasonable expenses and attorney's fees incurred by Defendant State Farm as a result of bringing the instant Motion. Defendant State Farm is ordered to submit to the Court a Bill of Costs itemizing the same within twenty-one

(21) days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Plaintiff is liable.


Dated: October 11, 2017        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: October 11, 2017        s/ Lisa C. Bartlett
                               Case Manager

4